IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ricky M. Rodgers, | ) | C/A No.: 1:16-16-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FNU Glenn, Health Services Administrator; Ivan Negron, M.D./R.M.D., Clinical Director, Health Services Department; Albert Crosby, R.N., Health Services Department; Jeffery Eiben, EMT, Health Services Department; D. Garcia, MLP/P.A., Health Services Department; FNU Hood, Correctional Officer, Health Services Department; and United States of America, | ) ) ) ) ) ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| Defendants. | ) ) | |

Plaintiff, proceeding pro se and in forma pauperis, brought this action alleging violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] [ECF No 1]. Defendants filed a motion to dismiss, or in the alternative, for summary judgment on May 31, 2016. [ECF No. 25]. As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motions and of the need for him to file an adequate response by July 8, 2016. [ECF No. 26]. Plaintiff was specifically advised that if he failed to respond adequately,

---

[1] *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006).

Defendants' motion may be granted. *Id*. On July 1, 2016, the undersigned extended Plaintiff's deadline, granting him until August 8, 2016, to respond to Defendants' motion. [ECF No. 31]. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* orders, Plaintiff failed to properly respond to the motion.

On August 11, 2016, the court ordered Plaintiff to advise whether he wished to continue with the case by August 25, 2016. [ECF No. 33]. Plaintiff has filed no response. As such, it appears to the court that he does not oppose the motion and wishes to abandon this action. Based on the foregoing, the undersigned recommends this action be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 26, 2016  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).