IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ricky M. Rodgers, | ) | C/A No.: 1:16-16-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FNU Glenn, Health Services Administrator; Ivan Negron, M.D./R.M.D., Clinical Director, Health Services Department; Albert Crosby, R.N., Health Services Department; Jeffery Eiben, EMT, Health Services Department; D. Garcia, MLP/P.A., Health Services Department; FNU Hood, Correctional Officer, Health Services Department; and United States of America, | ) ) ) ) ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| Defendants. | ) ) | |

Ricky M. Rodgers ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action seeking compensatory damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] and the Federal Tort Claims Act, 18 U.S.C. § 1346(b) ("FTCA"). Plaintiff is incarcerated at the Federal Correctional Institution in Estill, South Carolina ("FCI-Estill"), a facility of the Bureau of Prisons ("BOP"). Plaintiff alleges negligence and deliberate indifference to his serious medical needs against the following defendants: Health Services Administrator Glenn; Clinical Director Ivan Negron ("Negron"); Nurse Albert Crosby; EMT Jeffery Eiben; Physician

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

Assistant Garcia, Correctional Officer Hood ("Hood"); and the United States (collectively "Defendants").

This matter comes before the court on Defendants' motion to dismiss, or in the alternative, for summary judgment.[2] [ECF No. 25]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [ECF No. 26]. The motion having been fully briefed [ECF Nos. 46, 50, 55], it is ripe for disposition.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this case has been referred to the undersigned for all pretrial proceedings. Because the motion is dispositive, this report and recommendation is entered for review by the district judge. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that the district judge grant Defendants' motion for summary judgment.

I.   Factual and Procedural Background

On June 12, 2014, Plaintiff was struck by a food service cart that another inmate was pushing. Pl. Aff. at ¶ 3.[3] Plaintiff alleges his right ankle, foot, and leg were run over. *Id*. Plaintiff claims that despite Hood having witnessed the event, he failed to report the incident and ignored his complaints, but that another officer took him to medical for

---

[2] Because the court has considered matters outside of the pleadings, the undersigned considers the motion as one for summary judgment. The *Roseboro* order issued to Plaintiff contained an explanation of the summary judgment procedures.
[3] Plaintiff's affidavit may be found at ECF No. 46-2.

2

evaluation. *Id*. at ¶¶ 4–5. He was examined, x-rays were requested, and he was provided ibuprofen. *Id*. Plaintiff reported to medical the next day, but was told he must sign up for sick call. *Id*. at ¶ 7. On June 16, 2014, x-rays of his right ankle, foot, and leg were taken. *Id*. at ¶ 9. Although the medical staff and Plaintiff disagree about the results of the x-rays, the crutches he had been using were taken away from him after the x-rays. *Id*.; ECF No. 25-8.

Plaintiff alleges that over the following months, he returned to medical regularly complaining of pain and that his reports of pain were documented incorrectly. Pl. Aff. at ¶¶ 10–19. Plaintiff alleges he should have been provided surgery and that he has been in constant pain. *Id*. at ¶ 20

On June 27, 2014, Plaintiff filed an informal resolution ("BP-8") requesting "a copy of the accident report, medical report, and any other information that is available and a follow up to my medical needs since the pain in my leg, ankle, and knee has not gone away." [ECF No. 25-8]. He did not receive a response and did not file any subsequent administrative remedy. He timely filed this action within six months of the denial of his tort claim.

II.   Discussion

   A.   Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden,

3

then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

4

B.   Analysis

1.   *Bivens* Claims

Defendants argue that Plaintiff failed to exhaust his administrative remedies related to his *Bivens* claim prior to filing his lawsuit. [ECF No. 23 at 5–9]. The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that prisoners exhaust their administrative remedies prior to filing civil actions. *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *Booth v. Churner*, 532 U.S. 731 (2001). Exhaustion is required for "[a]ll action[s]. . . brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotations omitted). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*, 534 U.S. at 532. Exhaustion is a threshold requirement that must be satisfied in order for prisoner complaints to proceed. *See Jones*, 549 U.S. at 216; *Booth*, 532 U.S. at 741. The PLRA requires "proper" exhaustion, that is, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Woodford v. Ngo*, 548 U.S. 81, 87 (2006). "An inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005).

The Code of Federal Regulations, at 28 C.F.R. § 542.10 *et seq.*, sets forth the administrative remedy procedure for BOP inmates. The administrative remedy procedure

5

is a multi-step process. Absent an exception, an inmate shall attempt to informally resolve the issue using an informal resolution form (BP-8). If the inmate is unsatisfied after attempting informal resolution, the first step in the administrative remedy procedure requires the inmate to file a formal written complaint with the Warden of the prison on a Form BP-9. The inmate's complaint must be filed with the Warden within twenty calendar days from the date of the offending event, unless he meets an exception as defined in the regulation. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, the inmate may appeal (using a Form BP-10) to the Regional Director of the BOP within 20 calendar days of the date the Warden signed the response. If the inmate remains dissatisfied with the response, thereafter, an inmate may appeal the Regional Office's response to the General Counsel of the Bureau by completing a Form BP-11 within thirty 30 calendar days of the date the Regional Director signed the response. *See* 28 C.F.R. §§ 542.14 and 542.15. Appeal to the General Counsel is the final level of agency review. *See* 28 C.F.R. § 542.15(a). Thus, a claim has not been administratively exhausted until it has been filed with the General Counsel.

Here, Plaintiff admits that he did not file any administrative remedy beyond a BP-8, but argues that the administrative remedies were not available to him because he did not receive a response to his BP-8. [ECF No. 46-1 at 4–5. In their reply, Defendants argue that one of the exceptions to the 20-day deadline for filing a BP-9 is an unusually long period taken for informal resolution attempts, but Plaintiff did not request an exception. [ECF No. 50 at 2]. Plaintiff filed a sur reply arguing that it was the policy of the FCI-Estill administrative remedy coordinator not to accept administrative remedies

6

without a BP-8 attached. [ECF No. 52 at 2]. However, Plaintiff admits that when he had inadvertently failed to attach his BP-8 to an unrelated administrative remedy, he received a rejection notice that advised him it had been rejected because he did not attempt an informal resolution or provide the necessary evidence of his attempt. *Id*. In addition "[e]xhaustion of administrative remedies is mandatory, even where the inmate claims that exhaustion would be futile." *Reynolds v. Doe*, 431 F. App'x 221, 222 (4th Cir.2011) (citing *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001)). Because Plaintiff failed to exhaust his administrative remedies, the undersigned recommends Defendants be granted summary judgment on his *Bivens* claims.

        2.      FTCA claim

            a.      Medical Malpractice Claim

Defendants argue that Plaintiff's claim pursuant to the FTCA must be dismissed because he failed to comply with the necessary requirements. The FTCA waives sovereign immunity and allows suits against the United States for personal injuries caused by government employees acting within the scope of their employment. Under the FTCA, a plaintiff may recover a monetary award from the United States for damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope . . . of employment." 28 U.S.C. § 1346(b). This includes claims under the FTCA for medical malpractice. *See Littlepaige v. U.S.*, 528 F. App'x 289, 291–292 (4th Cir. 2013). Whether any government employee was negligent is to be determined "in accordance with the law of the place where the act or omission occurred," here, the State of South Carolina. 28 U.S.C. § 1346(b)(1).

To pursue a medical malpractice claim in South Carolina, a plaintiff is first required to file "as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim . . .," and a failure to file such an affidavit with the complaint requires dismissal of the case in state court. S.C. Code Ann. § 15-36-100; *see also Allen v. U.S. Rotureau v. Chaplin*, No. 2:13-2470-RMG, 2015 WL 1517510, at * 3 (D.S.C. April 1, 2015). Although Plaintiff filed in federal court under the FTCA, and not in state court, the filing of such an affidavit is nevertheless a mandatory prerequisite to the filing of a malpractice claim against the United States under the FTCA in this District. *See Chappie v. U.S.*, No. 13-1790, 2014 WL 3615384 at * 1, 5 (D.S.C. July 21, 2014); *Millmine v. Harris*, No. 10-1595, 2011 WL 317643 (D.S.C. Jan. 31, 2011) (holding that pre-suit notice and expert affidavit requirements in S.C. Code Ann. § 15-36-100 and § 15-79-125 are the substantive law in South Carolina). Plaintiff's failure to provide an expert affidavit as part of his complaint is fatal to his FTCA claim, and the undersigned recommends Plaintiff's FTCA claim for medical malpractice be dismissed.

        b.      General Negligence Claim

To the extent that Plaintiff claims his FTCA claim is not a medical malpractice claim, but a claim for failure to promulgate proper procedures "to assure that a decision to take an x-ray is expediently carried out" [ECF No. 46-1 at 8], he has failed to show that the government has waived its immunity for such a claim.

The FTCA's waiver of immunity is subject to exceptions, including the discretionary function exception. *See McMellon v. U.S.*, 387 F.3d 329, 335 (4th Cir.

8

2004) (en banc). The discretionary function exception preserves sovereign immunity even if the Government were negligent and even if the government employee abused his or her discretion. *See Irvin v. Owens*, 2012 WL 1534787, *2 No. 9:10-1336-RMG (D.S.C. April 3, 2012). Further, if the discretionary function exception applies, then the claim is outside the limited waiver of immunity created by the FTCA, and the court is without subject matter jurisdiction to adjudicate it. *See Medina v. U.S.*, 259 F.3d 220, 223–24 (4th Cir. 2001).

Courts evaluating the applicability of the discretionary function exception to a claim under the FTCA must engage in a two-prong inquiry. *U.S. v. Gaubert*, 499 U.S. 315, 323–24 (1991); *Berkovitz v. U.S.*. 486 U.S. 531, 536 (1988). "First, a court considers whether the challenged governmental conduct involves an element of judgment or choice. When a statute, regulation, or policy prescribes a specific course of action, there is no discretion and the exception does not apply." *Rich v. U.S.*, 811 F.3d 140. 144 (4th Cir. 2015) (internal citation omitted). Furthermore, the exception will not shield a government actor's acts or omissions that run afoul of the express or implied prescriptions of a statute, regulation, or policy. *Baum v. U.S.*, 986 F.2d 716, 720 (4th Cir. 1993). If there is no statute, regulation, or policy that directs the government actor's conduct, or if it affords broad discretion in the implementation of its directives, a court must proceed to the second prong of the inquiry. *Id*.

The second prong requires a court to "determine whether the judgment was one that the exception was designed to protect, namely, a judgment based on considerations of public policy." *Rich*. 811 F.3d at 144. The Fourth Circuit has explained that "[t]his

9

requirement is consistent with and mandated by the general purpose underlying the FTCA and the discretionary function exception, i.e., to balance Congress' desire to allow redress of injuries suffered through the negligence of government actors against the need to protect the government from being hobbled in the discharge of its policy-driven duties by tort suits." *Baum*, 986 F.2d at 720.

Here, Plaintiff has not alleged that a statute, regulation, or policy requires Negron to create policies or regulations mandating how quickly an inmate requires an x-ray. Therefore, the court must consider whether Negron's decision not to create such policies is a judgment based on considerations of public policy. Courts that have considered similar questions have determined that decisions about supervision are discretionary functions. *See U.S. v. Derbes*, 369 F.3d 579, 583 (1st Cir. 2004) (finding that the "BOP is by no means required to tailor a perfect plan for every inmate; while it is constitutionally obligated to provide medical services to inmates, these services need only be on a level reasonably commensurate with modem medical science and of a quality acceptable within prudent professional standards."); *Baynes v. U.S.*, No. 1:15-1604-LMB-TCB, 2016 WL 4492807, at *12 (E.D. Va. Aug. 25, 2016) (finding that BOP officials are afforded discretion to treat patients and administer tests in accordance with professional standard and evidentiary appropriateness); *Gibbons v. Fronton*, 533 F.Supp.2d. 449, 455–56 (S.D.N.Y. 2008) (finding that negligent hiring and supervision claims based on medical care provided by private company at DVA facility barred by discretionary function exception because decisions to contract with and supervise a private individual were discretionary and "grounded in considerations of public policy."). The undersigned finds

10

that Negron's decision not to place requirements on medical personnel additional to their professional standards was discretionary. Therefore, the court is without subject matter jurisdiction to consider Plaintiff's FTCA claim based on these allegations.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge grant Defendants' motion for summary judgment [ECF No. 25]. The undersigned also recommends that Plaintiff's motion to amend [ECF No. 47] be denied as futile, as it does not cure the jurisdictional deficiencies discussed herein.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 2, 2017                                Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).