RECEIVED
USDC CLERK, CHARLESTON, SC
2017 MAR 20  PM 1:59

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Ricky M. Rodgers, ) | Civil Action No. 1:16-16-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| FNU Glenn, Health Services Administrator, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary judgment for Defendants and denial of Plaintiff's motion to amend the complaint. For the reasons set forth below, the Court adopts in part and declines to adopt in part the Report and Recommendation, grants summary judgment for Defendants, and denies the motion to amend.

**I.   Background**

On June 12, 2014, a food service cart pushed by an inmate at the Federal Correctional Institution in Estill, South Carolina ("FCI-Estill") struck Plaintiff Ricky Rodgers, also an inmate at FCI-Estill. Plaintiff alleges the cart ran over his right ankle, foot, and leg. He further alleges that Defendant Hood, a correctional officer, witnessed the event but failed to report it and ignored his request for medical attention. Another correctional officer allegedly took Plaintiff to a medical evaluation. Plaintiff was examined, given ibuprofen and crutches, and x-rays were requested. Four days later, on June 16, 2014, the requested x-rays were taken. The x-rays revealed "no fractures or abnormalities." (Dkt. No. 25-3 ¶ 5.) Plaintiff's crutches were then taken from him and his "medical idle status ended." (*Id.*)

Plaintiff alleges that he should have been provided surgery, and that over the following months he regularly complained of pain but his complaints were improperly documented. On July 27, 2014, he initiated an informal complaint resolution ("BP-8") requesting a copy of the accident report, medical report and "any other information." He received no response and did not pursue any subsequent prison administrative remedy. Instead, on January 5, 2015, Plaintiff filed a Federal Tort Claim Act ("FTCA") claim form with the Bureau of Prison's southeast regional office. On July 1, 2015, the Bureau of Prisons mailed an FTCA determination letter to Plaintiff, denying his claim because he sustained no injury caused by a government employee's negligent or wrongful act or omission. (Dkt. No. 25-10.)

On December 30, 2015—within six months of the final administrative denial of his FTCA claim—Plaintiff timely filed the present action. Plaintiff alleges negligence and deliberate indifference to serious medical needs and seeks compensatory damages under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 18 U.S.C. § 1346(b). He names as Defendants (1) Health Services Administrator Glenn, (2) Clinical Director Ivan Negron, (3) Nurse Albert Crosby, (4) EMT Jeffrey Eiben, (5) Physician Assistant Garcia, (6) Correctional Officer Hood, and (7) the United States of America. Plaintiff sues the named individuals due to actions they took while employed by the Bureau of Prisons and he alleges their actions were taken within the course of their government employment.

On May 31, 2016, Defendants moved to dismiss, or in the alternative, for summary judgment. (Dkt. No 25.) On February 2, 2017, the Magistrate Judge recommended summary judgment for Defendants. (Dkt. No. 56.) Defendant filed no objections.

## II. <u>Legal Standard</u>

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### B. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of

demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## C.  Motion to Amend

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, after the time has passed to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). However, "[m]otions to amend are committed to the discretion of the trial court." *Keller v. Prince George's County*, 923 F.2d 30, 33 (4th Cir. 1991). Thus, "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 602–03 (4th Cir. 2010).

Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: "[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*,

525 F.3d 370, 376 (4th Cir.2008) (internal quotation marks omitted). "If an amendment would fail to withstand a motion to dismiss, it is futile." *Woods v. Boeing Co.*, 841 F. Supp. 2d 925, 930 (D.S.C. 2012). "Therefore, if any new well-pleaded facts are asserted in the new proposed complaint, but they fail to show that the plaintiff is entitled to relief, the court should deny the motion for leave to amend." *In re: Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prod. Liab. Litig.*, No. 8-11-2000-JMC, 2013 WL 12152414, at *2 (D.S.C. June 17, 2013).

### III. Discussion

#### A. *Bivens* Claims

The Magistrate Judge recommends summary judgment for Defendants on Plaintiff's *Bivens* claims[1] because Plaintiff has failed to exhaust his administrative remedies. The Court agrees. The Prison Litigation Reform Act requires prisoners to exhaust their administrative remedies before filing civil actions. Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997(e)(a)); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, "[e]xhaustion of administrative remedies is mandatory, even where the inmate claims that exhaustion would be futile." *Reynolds v. Doe*, 431 F. App'x 221, 222 (4th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)). Exhaustion is "an affirmative defense to be pleaded and proven by the defendant." *Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005).

---

[1] The *Bivens* claims apply to the individual named Defendants but *Bivens* claims cannot lie against the United States. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). Defendants claim the individual Defendants are sued only in their official capacities and so *Bivens* actions cannot lie against them either. (Dkt. No. 25 at 12.) The *pro se* complaint is unclear on that point and, because Defendant has failed to exhaust administrative remedies, the Court does not need to address it.

To exhaust his administrative remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Woodford v. Ngo*, 548 U.S. 81, 87 (2006). The administrative remedy rules relevant to inmates at Bureau of Prison's facilities are set forth at 28 C.F.R. § 542.10 *et seq.* It is a multistep process beginning with an informal resolution form (BP-8). If the inmate is dissatisfied with information resolution, he may file a formal written complaint (BP-9) with the warden, generally within twenty days of the date of the complained of event, but subject to exception when the BP-8 process takes an unusually long time. 28 C.F.R. § 542.14. If the inmate is dissatisfied with the warden's response, he may appeal (BP-10) to the appropriate Bureau of Prisons regional director within 20 days of the warden's response. If the inmate is dissatisfied with the regional director's response, he may appeal to the general counsel of the Bureau of prisons (BP-11) within 30 days of the regional director's response. *Id.* A Bureau of Prisons prisoner may file a civil action regarding prison conditions only after obtaining review from the general counsel of the Bureau of Prisons.

Here, Plaintiff admits he sought no administrative remedy beyond a BP-8 informal resolution form. In other words, he sought relief from no formal administrative process—not even from the warden of the prison. Plaintiff asserts he did not seek further administrative remedies because those remedies were unavailable to him, as evidenced by prison official's failure to respond to his BP-8 form. He argues FCI-Estill's policy was to refuse to accept BP-9 forms without an attached BP-8 form showing a completed informal resolution attempt. As evidence, he points to Defendants' representation that when Plaintiff filed an unrelated BP-9 grievance, he received a rejection notice stating that his grievance was rejected because "he did not attempt an informal resolution or provide the necessary evidence of his attempt." (Dkt. No. 55 at 3.) Assuming, *arguendo*, that the language "provide the necessary evidence of his attempt" does not

cover the precise situation alleged here—failure of officials to respond to a BP-8—the law nonetheless required Plaintiff to file his BP-9 without the attached BP-8, to receive a rejection notice, and then to appeal the rejection up to the general counsel of the Bureau of Prisons before filing a lawsuit. Because he admits he did not do so, his lawsuit is barred by statute.

### B.  Federal Tort Claims Act Claim

Plaintiff alleges negligent conduct of federal employees while acting within the scope of their duties.[2] The FTCA provides that "[t]he United States shall be liable . . . relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Inmates must exhaust the FTCA administrative process before suing. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Drew v. United States*, 217 F.3d 193, 196 (4th Cir. 2000). Defendants concede Plaintiff exhausted his FTCA administrative remedies. (Dkt. No. 25 at 25–26.)

The Magistrate Judge recommends dismissal of Plaintiff's medical malpractice claim because Plaintiff did not file as part of his complaint an affidavit from a supporting medical expert. (Dkt. No. 56 at 8.) The Court agrees Plaintiff's malpractice claim must be dismissed because it has no supporting expert affidavit. South Carolina law requires plaintiffs asserting medical malpractice claims to file "as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim." S.C. Code § 15-36-100. Complaints without the required affidavit must be dismissed. S.C. Code § 15-36-100(C)(1). Although Plaintiff filed in federal court under the FTCA, and not in state court, the affidavit requirement is part of the substantive law of South Carolina. *Millmine v. Harris*, Civ. No. 3:10-1595-CMC, 2011 WL 317643, at *2 (D.S.C. Jan. 31, 2011). The affidavit therefore is a

---

[2] The Court construes this claim to be against the United States. *See* note 1, *supra*.

mandatory prerequisite to the filing of a malpractice claim against the United States under the FTCA in this District. *See Chappie v. United States*, Civ. No. 13-1790-RMG, 2014 WL 3615384 at * 1 (D.S.C. July 21, 2014); *Millmine*, 2011 WL 317643 *2.

Plaintiff attempts to argue his claim as a non-medical malpractice, general negligence claim. (*See* Dkt. No. 46-1 at 8 (Plaintiff stating, "Plaintiff is not alleging that Dr. Negron committed 'medical malpractice'. . . . Plaintiff is alleging [certain Defendants] owes a duty to use ordinary care to furnish the plaintiff the type of care and attention reasonably required by his physical condition).) The Court, however, declines to construe Plaintiff's negligence claim other than as a medical malpractice claim. "[W]hen a negligence claim arises from injuries resulting from negligent medical treatment, the action is one for medical malpractice." *Millmine*, 2011 WL 317643, at *1. By "type of care and attention reasonably required," Plaintiff means *medical* care and attention conforming to the *medical* standard of care. (*See* Dkt. No. 46-1 at 8 (alleging Dr. Negron's diagnostic process was deficient in because of a four-day delay from when an x-ray was order to when it was taken).)

Because Plaintiff alleges injury from negligent medical treatment but does not attach a supporting expert witness affidavit to his complaint, the Court must dismiss his negligence claim. A dismissal for failure to comply with S.C. Code § 15-36-100, however, is without prejudice. *Rotureau v. Chaplin*, Civ. No. 2:09-1388-DCN, 2009 WL 5195968, at *6 (D.S.C. Dec. 21, 2009). The Court therefore declines in part to adopt the Report and Recommendation only to the extent that it recommends dismissal of Plaintiff's FTCA claim with prejudice.

## C.    Motion to Amend the Complaint

Plaintiff has moved to amend the complaint. (Dkt. No. 47.) The Magistrate Judge recommends denial of Plaintiff's motion to amend as futile, and the Court agrees. Plaintiff's proposed amendment does not cure his failure to exhaust administrative remedies, the issue fatal

to his *Bivens* claims, nor does cure his failure to attach an expert affidavit, the issue fatal to his FTCA claims. The Court therefore denies Plaintiff's motion to amend the complaint. *See Woods*, 841 F. Supp. 2d at 930 ("If an amendment would fail to withstand a motion to dismiss, it is futile.").

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the Report and Recommendation (Dkt. No. 56), **GRANTS** Defendants' motion to dismiss or in the alterative for summary judgment (Dkt. No. 25), and **DENIES** Plaintiff's motion to amend the complaint. Plaintiff's FTCA claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's other claims are **DISMISSED WITH PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 20, 2017
Charleston, South Carolina